IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED FOOD AND COMMERCIAL )
WORKERS INTERNATIONAL UNION- )
INDUSTRY PENSION FUND, et al., )
                               )
           Plaintiffs,         )
                               )
     v.                        )   no. 10 C 34
                               )
SELRICO SERVICES, INC.,        )
                               )
           Defendant.          )

### MEMORANDUM ORDER

At the previously scheduled May 18 status hearing in this ERISA action, local counsel appearing for defendant Selrico Services, Inc. ("Selrico") advised this Court that its home office counsel in San Antonio, Texas had earlier filed an Answer to the Complaint brought against Selrico by the plaintiffs referred to collectively in this memorandum order as "Fund." Because the chambers file in the case contained no such responsive pleading, that was the first inkling this Court had of an Answer having been filed.

This Court's minute clerk has since printed out a copy of that pleading, which is captioned "Defendant's Original Answer." Because of the multiple respects in which that pleading has violated both the Federal Rules of Civil Procedure ("Rules") and this District Court's LRs implementing those Rules, this memorandum order is issued sua sponte to send Selrico's counsel back to the drawing board to file a proper pleading.

To begin with, LR 5.2(f), adopted for obvious reasons after the advent of electronic filing, expressly requires the prompt delivery of a paper copy of every filing to the judge assigned to the case. After an extended period of its warnings about violations of that requirement had proved ineffective, this Court has included in its website an announcement that the imposition of a fine was contemplated for the future disregard of that LR. Accordingly Selrico's counsel is fined $100 for the LR 5.2(f) violation in this case (an amount that is not to be charged to or recovered from Selrico), with payment of the fine to be made to the "Clerk, U.S. District Court" on or before May 28, 2010.

Next, Selrico's counsel has also failed to comply with LR 10.1:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

That LR also serves an obvious practical purpose, enabling both opposing counsel and this Court to see what matters are and what matters are not in issue without having to shift back and forth between two separate filings--the Complaint and the Answer.[1]

To turn now to Selrico's paragraph-by-paragraph responses,

---

[1] Because out-of-district counsel could not be expected to be familiar with the local practice that implements that LR (as contrasted with counsel's obligation to familiarize himself with the applicable LRs as well as the Rules), counsel is advised that the most common method of compliance with LR 10.1 is to copy each paragraph of a complaint verbatim, followed immediately by defendant's response.

2

they violate the applicable requirements in a number of respects. Here are those problematic responses:

1. Each of Answer ¶¶2, 3 and 10-13 follows a proper statement of the disclaimer provision authorized by Rule 8(b)(5) with a denial of the selfsame allegations of the Complaint. That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly those denials are stricken from each of those paragraphs of the Answer.

2. In addition, Answer ¶2 treats further with the disclaimed allegations by a meaningless "demand [for] strict proof thereof"--in that respect see App'x ¶1 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

3. Finally, Answer ¶¶2, 5, 16 and 20 violate the requirement of Rule 8(b)(1)(B) that a response be made to every allegation in the Complaint, in addition to those paragraphs being dead wrong in asserting no need to answer legal conclusions (see App'x ¶2 to <u>State Farm</u>).

Under the circumstances, filing an amendment to the Answer would make no sense--instead a self-contained Amended Answer is ordered to be filed on or before May 28, 2010. No charge is to

be made to Selrico by its counsel for the added work and expense incurred in correcting counsel's errors.  Selrico's counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:  May 19, 2010